655 F.2d 93
 108 L.R.R.M. (BNA) 2640, 92 Lab.Cas. P 13,086
 UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF the
PLUMBING AND PIPEFITTING INDUSTRY OF the UNITED
STATES AND CANADA, AFL-CIO, LOCAL 388, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 79-1578.
 United States Court of Appeals,
Sixth Circuit.
 July 17, 1981.
 
 Roger A. Rapaport, D. Michael Dudley, Sablich, Ryan, Dudley, Rapaport & Bobay, Lansing, Mich., for petitioner.
 Elliott Moore, Deputy Associate Gen. Counsel, Penny Pilzer, N. L. R. B., Washington, D. C., Bernard Gottfried, Director, Region 7, N. L. R. B., Detroit, Mich., for respondent.
 Before EDWARDS, Chief Circuit Judge, and LIVELY and ENGEL, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the court upon cross-petitions for review and enforcement of an order of the National Labor Relations Board reported at 245 N.L.R.B. No. 160, determining that petitioner Local No. 388 of the United Association of Journeymen and Apprentices violated section 8(b)(1)(A) and (2) of the National Labor Relations Act by discriminatorily refusing to refer one William Long, a member of sister Local No. 639, from a hiring hall operated by Local 388 in Lansing, Michigan.
 
 
 2
 The sole question is whether substantial evidence supports the finding of the Board that Local 388 Business Agent Douglas Griffith refused to refer Long because Long had been accused of causing a work slowdown at a job within Local 388's jurisdiction, an action taken without the prior approval of the local union. Local 388's defense was that the refusal to refer Long was because Long had limited his employment availability to welding work, which, it was claimed, was not available on the date in question. For his part, Long claimed that while he had not specifically asked for work other than welding, his referral slip made it clear he was interested in work both as a welder and as a pipefitter, and that he was equally qualified for pipefitting jobs which were available on the date in question. It is manifest to the court that the issue was one of fact which was resolved against petitioner since substantial evidence supports the findings of fact made by the Administrative Law Judge and adopted by the Board.
 
 
 3
 IT IS ORDERED that its order entered pursuant thereto is enforced and Local 388's petition is denied.